United States District Court
Southern District of Texas
**ENTERED**
January 28, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| WILLIAM THOMAS LANTRIP SR., § <br> TDCJ # 01648243 § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> JAMES BLAKE, *et al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:18-CV-00152 |

## ORDER OF DISMISSAL

Plaintiff William T. Lantrip, Sr., is an inmate in Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He filed a civil rights complaint alleging that Defendants violated his right to possess a mesh bag on his walker. Because Lantrip is a prisoner proceeding *in forma pauperis*, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings. The Court must dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A, § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

I.  **BACKGROUND**

Plaintiff is 83 years old and a disabled veteran who uses a walker "because of [his] old age and permanently crippled right leg" (Dkt. 1, at 4, 12).[1] Plaintiff states that he "attached a commissary mesh bag seat" to the walker "so as to sit and temporarily rest [his] leg" during long lines for pills or meals (*id*. at 12).

Plaintiff's complaint names thirteen defendants. He alleges that, in March 2018, Defendant Major James Blake, along with other officials at TDCJ's Terrell Unit, "decided to eliminate all commissary bags from walkers" (*id*. at 12; *see id*. at 4 (Blake "arrogantly instigated the 'mad rush' to remove all commissary mesh bags from walkers used by handicapped TDCJ inmates")). Lieutenant Wallace, also a Defendant in this action, was the first officer to tell Plaintiff to remove his mesh bag (*id*. at 5, 12), after which Plaintiff states that he received a pass permit from UTMB to keep the bags (*id*. at 12). However, Plaintiff alleges that on March 21, 2018, Lieutenant Onwuke took a pocket knife and "viciously cut [his] seat bag from [his] walker" (*id*.at 12 (emphasis deleted); *see id*. at 6).

Plaintiff claims that, without the mesh bag, he is at risk of injury because his crippled leg could collapse and cause him to fall on hard concrete. He alleges that his written complaints have not yielded change, although he also states that medical providers "issued to [him] a pass permit for a tote-bag []for one year" (*id*. at 12). Plaintiff does not state whether he now possesses the tote bag.

---

[1] Throughout this Memorandum, the Court's citations to specific pages in the record refer to the pagination of docket entries on the Court's electronic case filing ("ECF") system.

In addition to the defendants listed above, Plaintiff names other multiple other defendants at the Terrell Unit: Warden Mary Comstock-King, who allegedly allowed Black "leeway" to instigate the ban on walker mesh bags; Officer Cliftonette Hogan, who allegedly shouted at Lantrip and would not allow inmates to go to the pill window or meals with bags attached to their walkers; Officer Francisco Rodriguez, who allegedly failed to intervene when Onwuke used his knife to slash Plaintiff's bag; and librarian Yolanda James, who allegedly "silently denied" his request for law library pass (*id*. at 5, 7-8, 11).[2]

Plaintiff brings claims under the Americans with Disabilities Act and the Rehabilitation Act of 1973 (*id*. at 12). He seeks compensatory damages, damages for "mental anguish," and punitive damages, including damages from Onwuke of $1 million for each day that Plaintiff is deprived of his mesh bag.

## II. STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.

---

[2] Plaintiff also originally named as defendants Attorney General Ken Paxton and multiple TDCJ directors and board members, alleging that the officials failed to investigate or address the mesh bag issue and "covered up" alleged violations of inmates' rights (Dkt. 1, at 8-11 (bringing claims against Attorney General Ken Paxton; TDCJ Regional Director Michael Butcher; the chairs and members of the "Texas Board of Criminal Justice Institutional Division"; the Inspector General for TDCJ; the "Executive Director" of TDCJ; the "Director" of TDCJ; and the "Assistant Director" of TDCJ)). The Hon. Lee H. Rosenthal dismissed these defendants on May 17, 2018, when she transferred this case from her docket to the Galveston Division. *See* Dkt. 12, at 2 n.1 ("Although Lantrip names Attorney General Ken Paxton and TDCJ Directors as defendants, he alleges no facts that would support a claim against them").

§ 1915A, § 1915(e)(2)(B). A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005). A dismissal for failure to state a claim is governed by the same standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.,* 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger*, 404 F.3d at 373.

## III. ANALYSIS

Plaintiff alleges that Defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, in connection with the removal of his mesh bag from his walker.

### A. Plaintiff's Claims for Relief

The ADA prevents a "public entity," including a state agency, from discriminating against a qualified individual based on that individual's disability. 42 U.S.C. § 12132-12133.[3] To state a claim for discrimination under the ADA a plaintiff must allege: "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

Assuming that Lantrip could show that the condition of his right leg is a "qualifying disability" under the statute, he nevertheless would fail to state a discrimination claim under the ADA because he does not allege that he is being denied the benefit of any program, service, or activity provided by TDCJ, or was otherwise discriminated against "by reason of his disability." *See Hale*, 642 F.3d at 499; *Delano-Pyle v. Victoria Cty., Tex.,* 302 F.3d 567, 574 (5th Cir. 2002) (a plaintiff suing for a violation of the Act may recover compensatory damages only on a showing of intentional discrimination). Rather, Lantrip alleges that Onwuke removed his mesh bag from his

---

[3] Under the ADA, a "public entity" includes a state government or its departments and agencies. 42 U.S.C. § 12131(1). *See United States v. Georgia*, 546 U.S. 151, 154 (2006).

walker and that other Defendants either ordered, failed to prevent, or failed to redress the removal. He does not allege that any Defendant denied him access to a TDCJ service, program, or activity because of his disability, and therefore fails to state claim for unlawful discrimination under the ADA. Lantrip's claim under the Rehabilitation Act fails for the same reason. *See Taylor v. City of Shreveport*, 798 F.3d 276, 284 (5th Cir. 2015) ("[T]o prevail on a Rehabilitation Act claim, the plaintiff must ultimately prove that the defendant discriminated against him or her *solely* on the basis of disability") (emphasis original).[4]

Finally, Plaintiff's claims for damages are barred by statute. Plaintiff seeks damages for his "mental anguish" resulting from the removal of his mesh bag and, although he claims a high risk of serious injury, has not alleged that he suffered any physical injury as a result of Defendants' actions. The PLRA precludes an action for compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Because Lantrip has not pleaded any physical injury in connection with the mesh bag removal, his claims must be dismissed on this additional basis. 42 U.S.C. § 1997e(c).

---

[4] Additionally, to the extent Plaintiff brings claims against any individual Defendants in their personal capacities, the ADA and the Rehabilitation Act do not permit such claims. *See* 42 U.S.C. § 12132. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir.1999) (the Rehabilitation Act, which provides a remedial framework similar to the ADA, does not provide for individual liability); *Garcia v. State Univ. of N.Y. Health Scis. Ctr.*, 280 F.3d 98, 107 (2d Cir. 2001) (individual defendants are not personally liable for discrimination under Title II of the ADA); *Shaw v. TDCJ-CID*, 540 F. Supp. 2d 834, 838 (S.D. Tex. 2008) (ADA does not permit suit for monetary damages or injunctive relief against individual defendants in their personal capacities) (citing, *inter alia*, *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999)).

For all of the reasons above, Plaintiff's claims under the ADA and Rehabilitation Act will be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

### B. Other Filings

Lantrip has filed an emergency motion for medical relief (Dkt. 22) and a motion to "append retaliation defendants" (Dkt. 23). Plaintiff alleges that he has an urgent need for emergency medical relief because prison officials denied him Lactulose, prompting "severe constipation in Plaintiff, so that it is a matter of life or death to him" (Dkt. 22, at 1) (emphasis deleted).[5] He also appears to complain about a possible future deprivation of arthritis medication, which would cause him pain if it occurred (*id.*). Plaintiff also alleges that five officials not currently Defendants in this action are "clandestinely scheming to kill or maim Plaintiff" by denying him Lactulose, arthritis medications, and eye drops (Dkt. 23, at 1) (emphasis deleted). The Court construes Lantrip's motions as requests for injunctive relief and to supplement his pleadings.

A plaintiff seeking a preliminary injunction must establish "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (citations omitted). The Fifth Circuit has

---

[5] Plaintiff's attachments to his motion indicate that providers had a medical reason to discontinue his Lactulose (Dkt. 23, at 5) ("Your recent labs indicate mild dehydration. Lactulose has been stopped. It can cause electrolyte abnormalities in the elderly.").

cautioned that a preliminary injunction "is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Defense Distributed v. U.S. Dep't of State*, 838 F.3d 451, 457 (5th Cir. 2016) (internal quotation marks and citations omitted). To state a valid claim under the Eighth Amendment for denial of adequate medical care, a plaintiff must demonstrate that the defendant exhibited "deliberate indifference" to his "serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal citations and quotation marks omitted); *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a valid claim for retaliation in this context, a prisoner must allege: (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018).[6]

Plaintiff is not entitled to injunctive relief on his medical care and retaliation claims because he has not "clearly carried the burden of persuasion" on the four required elements, including a substantial likelihood of success on the merits. *See Defense Distributed*, 838 F.3d at 457. Plaintiff's filings demonstrate that his providers had a medical reason for discontinuing Lactulose (Dkt. 23, at 5), and Plaintiff has not alleged that at the time of filing he had been actually deprived of other medications. He therefore has not "clearly carried" his burden to show "deliberate indifference" or any "retaliatory

---

[6] "To show causation, a plaintiff must allege that but for the retaliatory motive the complained of incident would not have occurred. A plaintiff must either produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (internal citations, quotation marks, and alteration omitted).

adverse action" by prison officials. *See Brown*, 911 F.3d at 245; *Easter*, 467 F.3d at 463. Additionally, Plaintiff's allegation that the challenged actions were retaliatory appear to be based solely on his personal belief, which is insufficient to state a valid retaliation claim. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("The inmate must allege more than his personal belief that he is the victim of retaliation").

To the extent Plaintiff's motion to append (Dkt. 23) could be construed as a motion to supplement his complaint to bring retaliation claims against five new defendants, the motion is denied under Federal Rules of Civil Procedure 15(d). The events alleged in the motion are not germane to Lantrip's claims in this suit under the ADA and Rehabilitation Act, and Lantrip could bring a separate lawsuit to pursue these new, distinct claims. *See Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998); *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983); *Lowrey v. Beach*, 708 F. App'x 194, 195 (5th Cir. 2018); *see also* FED. R. CIV. P. 20(a)(2) ("Persons. . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action"). The Court in its discretion therefore denies Plaintiff's motion to add new claims and defendants.

IV. **CONCLUSION**

For the reasons stated above the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim upon which relief can be granted.

2. Plaintiff's emergency motion for medical relief (Dkt. 22) and motion to "append retaliation defendants" (Dkt. 23) are **DENIED**.

**The Clerk will provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov**.

SIGNED at Galveston, Texas, this 28th day of January, 2019.

_____
George C. Hanks Jr.
United States District Judge